■ JOHN F. TRIGGS, Appellant, v HAROLD W. KELLY, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered June 7, 1991 in Delaware County, which granted defendant's motion to set aside a verdict rendered in favor of plaintiff and dismissed the complaint.

Plaintiff sued defendant contending that defendant intentionally set fire to plaintiff's barn, which was located in the Town of Hamden, Delaware County. Defendant's wife was subsequently added as a defendant and the action was tried jointly with the action commenced by the insurance carrier against, among others, defendant, his wife and plaintiff. Supreme Court dismissed the action against defendant's wife at the close of plaintiff's proof and she is no longer a party. A jury verdict was returned in favor of plaintiff against defendant and damages in the sum of $65,690 were awarded to plaintiff. Defendant thereafter moved pursuant to CPLR 4404 (a) to set aside the verdict and to have judgment entered in his favor as a matter of law or, in the alternative, to have a new trial ordered on the ground that the verdict was against the weight of evidence. Supreme Court granted the motion to set aside the verdict and dismissed the complaint. This appeal by plaintiff followed.

Supreme Court's written decision reveals that it concluded that the verdict was against the weight of the evidence. We note prefatorily that, at the very least, if the verdict was properly set aside as against the weight of the evidence, plaintiff would be entitled to a new trial (see, CPLR 4404 [a]; Cohen v Hallmark Cards, 45 NY2d 493, 498). Therefore, dismissal of the action was improper.

Addressing the merits of the motion, a motion to set aside a verdict as against the weight of evidence must be viewed in a light most favorable to the prevailing party (Johnson v Oval

*Pharmacy,* 165 AD2d 587, 592, *lv denied* 78 NY2d 859). Whether a jury verdict should be set aside on this ground does not involve a question of law but rather a discretionary balancing of many factors *(see, Hoffson v Orentreich,* 168 AD2d 243, 244). A verdict should not be set aside as against the weight of evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence *(Cohen v Hallmark Cards, supra,* at 498-499).

We conclude that the evidence in this case was such that it was not irrational for the jury to reach its result and that it was therefore error for Supreme Court to hold that the verdict was against the weight of evidence. Plaintiff established arson, motive and opportunity on defendant's part. Plaintiff's evidence as to arson consisted of the testimony of his expert, Robert McCann, who had extensive educational and actual experience in fire investigation. McCann opined that the fire started at the north end of the barn in an area underneath a hay wagon and that the "spalling" or breaking up of the concrete underneath a wagon stored there and the condition of the wagon itself indicated a hot-fire pattern at the floor level in this area. Based on the physical evidence, McCann concluded that the fire had been deliberately set with a liquid accelerant in this area. Both McCann and James Olmstead, the Fire Coordinator for Delaware County, excluded the possibility of an electrical origin of the fire with respect to the wire running across the floor in the barn as there was no evidence of "arching". Spontaneous combustion, a smoldering process, was also ruled out by McCann in view of the absence of the evidence of smoke before the actual fire appeared and the presence of people who would have detected it. No expert was presented by defendant to contradict McCann's testimony. The evidence presented was sufficient to circumstantially prove the incendiary nature of the fire.

On the question of motive, testimony disclosed that the relationship between plaintiff and defendant was tense, aggravated by problems relating to defendant's failure to clear title to the land on which the barn stood, and which plaintiff had contracted to purchase and for which he had already paid defendant $12,000. Before the fire, plaintiff had stopped making payments to complete the purchase directly to defendant and was paying them into an escrow account on his lawyer's instruction. Plaintiff also testified to an incident involving defendant's cutting off of plaintiff's access to the gas pumps and underground gas tanks plaintiff had purchased from defendant, and the argument which ensued between them

over the matter. According to plaintiff, in response to his protestations as to defendant's action, defendant stated that plaintiff "had better be careful [because] there were other ways to solve disputes", after which defendant pointed to the barn. The record disclosed that defendant was subdividing his land and selling it to pay off substantial mortgages on which he and his wife were obligated. Defendant's failure to clear title to the piece of land plaintiff had contracted to purchase was some indication of financial difficulties on defendant's part.

As to opportunity, defendant was in the vicinity of the barn shortly before the fire's inception and was observed loading empty gas cans into the back of his truck at about 6:00 A.M. The fire was reported in process at 6:28 A.M. by a neighbor.

In conclusion, we find that the verdict is not against the weight of the evidence and is supported by legally sufficient evidence (see, Johnson v Oval Pharmacy, 165 AD2d 587, 592, supra). Supreme Court thus erred in granting defendant's motion and setting aside the verdict.

Weiss, P. J., Yesawich Jr. and Levine, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, motion denied and verdict reinstated.