■ Craig R. Robbins, Appellant, v County of Broome, Respondent.—Appeal from an order and judgment of the Supreme Court (Smyk, J.), entered January 15, 1992 in Broome County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Accepting as true the factual allegations of the complaint and construing it liberally in plaintiff's favor (see, Hall Heating Co. v New York State Elec. & Gas Corp., 180 AD2d 957), we are of the view that Supreme Court erred in granting defendant's motion to dismiss the complaint for failure to state a cause of action. The complaint alleges that plaintiff "[w]hile employed by defendant * * * was a paid fireman, within the meaning of * * * General Municipal Law [§ 207-a]". That statute provides that the term "paid fireman" means "any paid officer or member of an organized fire company or fire department" (General Municipal Law § 207-a [1]). Defendant concedes that plaintiff's duties included service in defendant's Crash Fire Rescue Unit at defendant's airport. It argues, however, that this unit was not a "fire company or fire department" within the purview of the statute and, therefore,

that plaintiff was not a "paid fireman". In support of this argument defendant points to Retirement and Social Security Law § 302 (11) which defines " 'fire service' " as "an officer or member of an organized fire department". It also points to Civil Service Law former § 209 (4), which had previously been limited to "officers or members of any organized fire department", and a decision of this Court wherein we upheld a determination that certain airport crash fire rescue personnel were not "members of an organized fire department" (Matter of Syracuse Hancock Professional Firefighters Assn. v Newman, 110 AD2d 256, 257, lv denied 67 NY2d 605).

In rejecting these contentions, we initially note that both of the statutes cited by defendant to support its argument concern themselves solely with fire departments whereas General Municipal Law § 207-a (1) also includes fire companies. We also point out that this statute is considered remedial in nature and that it is to be liberally construed (see, Pease v Colucci, 59 AD2d 233). Furthermore, as plaintiff points out, the definition of department is much more restrictive than that for company. For example, the dictionary definition of "department" includes an "organized system" or "principal branches of a governmental organization" while the definition of "company" includes a "group of people" and an "association" (Random House Dictionary of the English Language 534, 416 [unabridged 2d ed 1987]). On the record before us, it has yet to be determined whether the Crash Fire Rescue Unit at issue herein was a "fire company" and it therefore cannot be said that plaintiff's complaint fails to state a cause of action. Defendant's remaining contentions have been considered and rejected as lacking in merit.

Mikoll, J. P., Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs, and motion denied.