■ RANDALL CROUNSE, JR., et al., Appellants, v WARREN CURTIS et al., Respondents. [597 NYS2d 521] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered January 6, 1992 in Albany County, upon a verdict rendered in favor of defendants.

On February 11, 1989, defendant East Berne Volunteer Fire Company, Inc. (hereinafter EBVFC) held a snowmobile race, sanctioned by defendant Eastern Snowmobile Racing Association (hereinafter ESRA), on Warners Lake in Albany County. Prior to the start of the races, defendant Warren Curtis, who intended to participate in one race, took his snowmobile for a test run on the lake several hundred feet from the "paddock area", an area where participants parked and unloaded their snowmobiles. During the test run, Curtis' snowmobile hit a mound of snow and he was ejected from it; the snowmobile proceeded to veer several hundred feet to the left and into the paddock area, where it struck plaintiff Randall Crounse, Jr. (hereinafter plaintiff), an experienced snowmobile racer and a mechanic by trade, who was kneeling down talking with or assisting one of the racers who had a mechanical problem. As a result of the impact, plaintiff sustained serious personal injuries.

Plaintiff, and his wife derivatively, brought this action against defendants and others* alleging negligence. After trial, the jury rendered a verdict finding that Curtis and ESRA were not negligent, that EBVFC, although negligent, did not proximately cause plaintiff's injuries, and that plaintiff had assumed the risk of his injuries but that his conduct did not contribute to the injuries. After plaintiffs unsuccessfully moved to set aside the verdict, a judgment was entered from which plaintiffs appeal.

Plaintiffs argue that the jury verdict should have been set aside as against the weight of the evidence *(see,* CPLR 4404 [a]; *Triggs v Kelly,* 182 AD2d 963); this is only proper, how-

---

* The remaining defendants, Berne Fire District and Reinhold Scholtz and Adelheid Scholtz, individually and doing business as Scholtz' Haufbrau, were successful on an earlier motion for summary judgment from which no appeal was taken.

ever, when the evidence is so heavily weighted in favor of the moving party that " 'no reasonable [person] would solve the litigation in the way the jury has chosen to do' " *(Rowe v Board of Educ.,* 120 AD2d 850, 851, *lv denied* 68 NY2d 609, quoting *Rapant v Ogsbury,* 279 App Div 298, 299). Because we do not find the evidence to be so heavily weighted in plaintiffs' favor that it could not support the jury's verdict, we affirm.

With respect to Curtis, there was ample testimony from which it could be found that he exercised reasonable care in making his test run, i.e., he surveyed the ice on the way out to begin the run, he watched as at least one other snowmobile was run at a high rate of speed back along a path parallel to that which he chose, and he used appropriate safety devices, including a tether switch. Curtis did not see the obstacle, and it is not at all clear, as argued by plaintiffs, that he should have seen it. At least one witness, a Sheriff's department officer, testified that he had inspected the lake and found nothing unsafe earlier in the day.

As for ESRA, plaintiffs rely on the fact that ESRA apparently had a policy of providing designated warm-up areas and of preventing test runs outside of those areas. This is not dispositive as to ESRA's negligence, however, for although breach of an internal policy may constitute some evidence of negligence, it does not mandate such a finding *(see, Danbois v New York Cent. R. R. Co.,* 12 NY2d 234, 237). It was within the jury's province to determine that the failure to enforce the policy was not imprudent under the circumstances. Moreover, it is problematic that ESRA officials could have stopped Curtis from making his test run where he did, which was on a public lake and outside of the area over which they exerted control.

There is adequate support for the jury's finding that EBVFC was negligent. As the permit holder for the event, EBVFC had a statutory duty to "provide for the safety of the public by the use of protective shields" and to "include designated and enforced spectator * * * and machine warm-up areas"; this duty was extended to cover the time periods "prior, during and after the special event". Furthermore, all spectator areas were to be "prominently posted"; it is undisputed that these areas were not labeled as required at the time of the accident. Inasmuch as these rules and regulations, included in the permit for the event issued to EBVFC, were breached, it was not inconsistent for the jury to have found EBVFC negligent where ESRA was not.

Having found that EBVFC was negligent, the jury went on to find that this negligence was not a proximate cause of

plaintiff's injuries. The issue of proximate cause, like that of reasonable care, is usually to be left to the jury *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315), and only if the jury's finding is completely without support in the record, or if the evidence is so completely skewed toward the opposite conclusion, will a verdict be overturned. It is undisputed that it was Curtis' collision with the obstacle while making his test run at high speed that directly caused plaintiff's injury. Given the trial testimony concerning the rarity of this type of accident, the jury could have reasonably concluded that the accident was not "a normal or foreseeable consequence" of EBVFC's failure to control the movements of spectators or to properly label spectator areas *(supra,* at 315), and hence that EBVFC's conduct was not a proximate cause of plaintiff's injuries.

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.