■ JOSEPHINE GIARDINA, Respondent, v KUNTU LEE et al., Appellants and Third-Party Plaintiffs, et al., Defendant, et al., Third-Party Defendant. [608 NYS2d 659] —Judgment, Supreme Court, Queens County (Alfred D. Lerner, J.), entered November 14, 1991, which, *inter alia,* after jury trial, found in favor of the plaintiff against the defendants-appellants on the issue of liability, unanimously affirmed, with costs.

Plaintiff, while walking on the public sidewalk, passed in front of defendants' premises, where, according to her trial testimony, her heel became stuck in a piece of lumber, causing her to fall. Plaintiff had observed ongoing construction at the premises for a year prior to her accident; at the time of her accident, construction debris was piled on the sidewalk. The jury returned a verdict finding plaintiff free of negligence, and also finding defendants Lee and Ma, the owners, 60% at fault, and third-party defendant Lin, the alleged independent contractor, 40% at fault. The court denied defendants' motion to dismiss on the ground there was no notice of the condition,

and granted plaintiff's motion setting aside the finding of liability against Lin.

Defendants argue that there was no proof of notice, actual or constructive, of the existence of the debris on which plaintiff fell. However, liability will attach to those in control of premises when they created the condition giving rise to the injury *(Ohanessian v Chase Manhattan Realty Leasing Corp., 193 AD2d 567)*. Here, there was ample evidence that the construction debris was placed by defendants on the sidewalk. "An abutting owner may become liable for injury to a pedestrian caused by a defect in the sidewalk where he has created the defective condition" *(Braithwaite v Grand Union Co., 22 AD2d 941)*.

Defendants' contention that their conduct was not the proximate cause of the injuries complained of is without merit. The testimony of plaintiff that her heel became caught in a piece of wood, which she saw immediately after her fall, was sufficient to make out a prima facie case. It presented a question for the jury whether in the exercise of reasonable care plaintiff could have avoided her fall.

As to the verdict on apportionment of damages, there was indeed no rational basis on which to find that the defendant owners were not entirely responsible for the happening of the accident. The weight of the evidence showed that the defendant owners exercised actual control over the manner in which the work was performed. Defendant Ma's denial that he controlled the work was impeached by his deposition testimony, wherein he asserted that he had directed the workers not to pile the debris outside of the premises, as well as by the absence of any contract or documentation of any kind indicating that the work was performed by an independent contractor. Moreover, if the work itself creates the danger or injury, then the owner is liable despite the employment of an independent contractor *(Mullins v Siegel-Cooper Co., 183 NY 129, 136)*. Concur—Rosenberger, J. P., Asch, Rubin, Williams and Tom, JJ.