■ CRAIG R. ROBBINS, Respondent, v COUNTY OF BROOME, Appellant. [618 NYS2d 129] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Smyk, J.), entered June 23, 1993 in Broome County, upon a verdict rendered in favor of plaintiff.

Plaintiff, whose service within the operations department at the Binghamton Regional Airport included fire and emergency response duties as part of the crash fire rescue unit (hereinafter CFR), suffered a job-related heart attack. He brought this suit seeking a declaration that he was a paid firefighter within the scope of General Municipal Law § 207-a and entitled to receive the benefits afforded by that section. This Court found the question of whether the CFR was a "fire company" within the scope of General Municipal Law § 207-a to be one of fact and denied defendant's motion to dismiss the complaint (186 AD2d 973). The jury trial which ensued culminated in a verdict in plaintiff's favor on that issue, and a judgment was entered granting the relief requested in the complaint. Defendant appeals.

Given this Court's previous holding, which is now the law of the case (see, Matter of Acres Stor. Co. v Chu, 144 AD2d 758, 759, appeal dismissed 73 NY2d 914; cf., Osborn v Cardeza, 208 NY 131, 136-137, appeal dismissed 209 NY 530), and the evidence presented at trial, Supreme Court did not err in submitting to the jury the question of whether the CFR was a "fire company" as that term is utilized in General Municipal Law § 207-a. Nor can it be said that the jury's verdict, in which it found that plaintiff was a paid firefighter of a fire company, was against the weight of the evidence (see, CPLR 4404 [a]; Triggs v Kelly, 182 AD2d 963).

While defendant focuses on the fact that plaintiff spent only a small portion of his time actually fighting fires, this is not dispositive. There was substantial evidence that he, and the other employees working within the operations department, were required to maintain a state of readiness and to respond to emergency situations, even when not personally manning the rescue truck; that they were required to be trained, and were in fact certified, as firefighters; that they were required

to, and did, function as an organized unit when responding to emergencies; that the CFR was considered a firefighting unit by others; and that the other duties they performed were not significantly different from those rendered by municipal fire departments. In sum, the evidence cannot be said to weigh so heavily in favor of defendant that it was wholly unreasonable for the jury to reach the conclusion that it did *(see, Crounse v Curtis,* 193 AD2d 844, 845; *Walden v Otis El. Co.,* 178 AD2d 878, 879-880, *lv denied* 79 NY2d 758).

Crew III, J. P., Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.