■ ʼELVIRA NADO et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 76137.) [631 NYS2d 444] —In a claim to recover damages for personal injuries, etc., the defendant State

of New York appeals from an interlocutory judgment of the Court of Claims (Corbett, J.), dated May 27, 1994, which, after a nonjury trial on the issue of liability, found it 50% at fault and the claimant 50% at fault in the happening of the accident.

Ordered that the interlocutory judgment is affirmed, with costs.

The trial court's conclusion that Elvira Nado's fall was caused by her stepping into a hole in the curb, rather than by stepping off the curb, as the State suggests, was not against the weight of the evidence. Although Mrs. Nado admitted that she did not see the hole when she fell, she did testify that she knew she had stepped into a hole because she could feel it with her foot. Accordingly, where, as here, the trial court's determination is not against the weight of the evidence or contrary to law, this Court will not disturb that determination on appeal (see, Taran v State of New York, 186 AD2d 794, 795; Vizzari v State of New York, 184 AD2d 564; Schock v State of New York, 168 AD2d 491).

The trial court properly found that the State was responsible for maintaining the section of the curb where Mrs. Nado fell. Both "curb" and "sidewalk" are defined by the Vehicle and Traffic Law (see, Vehicle and Traffic Law §§ 111, 144). In Skelly v Village of Port Chester (6 AD2d 717), this Court observed that the curb was not an entity unto itself but was either part of the highway or street, or part of the sidewalk, but in that case, it was not necessary to resolve the issue. Here, the claimants offered expert testimony by a structural engineer that the functional purposes of a curb, including drainage of the roadway and demarcation of the roadway edge, were such that a curb is an element of the roadway. Both of the State's witnesses agreed that the curb served such purposes, but nonetheless suggested that the court adopt a more practical view recognizing that a curb, or at least its horizontal surface, was part of the sidewalk. Notably, however, the State's expert witness and Resident Engineer for Western Orange County conceded that where a curb existed without a sidewalk, the State was responsible for its maintenance.

Contrary to the State's contentions, the statutes do not reveal that the Legislature intended maintenance of curbs to be the responsibility of the entity charged with maintaining the sidewalk. Indeed, as the court reasoned, this argument is undermined by the existence of an exception imposing the duty of curb maintenance on local government entities under certain circumstances, which have not been shown to be ap-

plicable here *(see,* Highway Law § 12 [5]). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.