OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the complaint dismissed.
 

 From 1976 until 1989, plaintiff Craig Robbins was employed at the Broome County Airport, the last five of those years under the job description title of Operations Officer. His duties related largely to maintenance and safety, including removing snow from the airport runways, monitoring the parking in front of the terminals, and inspecting the runways and other airport facilities to insure compliance with applicable codes and regulations. Of particular relevance here is that, as part of his employment responsibilities, Robbins was a member of the airport’s Crash Fire Rescue (CFR) unit charged with the duty of extinguishing the occasional airplane and fuel truck fire that occurred at the airport. In addition to being on call to respond to such fires, Robbins’ other responsibilities in the CFR unit included maintenance of the fire truck and training of personnel.
 

 In late 1989, Robbins suffered a heart attack which the parties conceded to be work-related. Robbins applied for firefighters’ benefits under General Municipal Law § 207-a which authorizes payment of salary, medical and hospital expenses for job-related injuries suffered by individuals employed by either an organized fire company or a fire department. The County denied Robbins’ request and he filed this lawsuit in April 1990.
 

 Initially, the trial court granted the County’s motion to dismiss on the ground that Robbins was not eligible for benefits under the statute. The Appellate Division, however, reversed
 
 *833
 
 (186 AD2d 973) and Robbins’ case went to trial with the jury rendering a verdict in his favor. The trial court instructed the jury that the sole issue was whether "plaintiff [was] a * * * member of an organized fire company.” On appeal for the second time, the Appellate Division affirmed, concluding that: "it [cannot] be said that the jury’s verdict * * * was against the weight of the evidence” (209 AD2d 764). Having granted leave to appeal, we now reverse.
 

 General Municipal Law § 207-a provides that:
 

 "Any paid fireman which term as used in this section shall mean any paid officer or member of an organized
 
 fire company or fire department
 
 of a city * * * or town, or village or fire district, who is injured in the performance of his duties * * * shall be paid * * * the full amount of his regular salary or wages * * * and * * * for all medical treatment and hospital care.” (General Municipal Law § 207-a [1] [emphasis added].)
 

 In that Robbins concedes that he was not an officer or member of a "fire department”
 
 (compare, Matter of Syracuse Hancock Professional Firefighters Assn. v Newman,
 
 110 AD2d 256), the discrete issue here is whether he was nevertheless a paid employee of a "fire company” as that term is used in the statute.
 

 In advocating his eligibility for benefits, Robbins, like the Appellate Division, relies on the colloquial meaning of the word "company” as a "group of people” or "association.” According to Robbins, since the word "company” is defined broadly in the dictionary, its use in General Municipal Law § 207-a must be interpreted to denote any group of people organized to fight fires, which is in keeping with the policy that as a remedial statute General Municipal Law § 207-a must be liberally construed. Under Robbins’ construction, as an employee of the Broome County Airport’s CFR, he would be entitled to firefighters’ benefits under the statute.
 

 Even assuming that the
 
 airport
 
 fire and rescue squad in which Robbins served could be considered a "fire company,” plaintiffs argument overlooks the specific definition of the term already provided in the statute. General Municipal Law § 100, for example, states that the term fire company, "[a]s used in this article,” means: (1) a "volunteer fire company of a county, city, town, village or fire district fire department” (2) a "[not-for-profit] fire corporation * * * under the general control of, or recognized as a fire corporation by the governing board of a city, town, village or fire district,” or (3) "a fire corporation * * * incorporated under * * * any general or special law * * * under the general control of, or recognized as a fire corporation by the governing board of a city, town, village or fire district” (General Municipal Law § 100 [2] [a]-[c];
 
 see also,
 
 
 *834
 
 General Municipal Law § 204-a [1] [a] [same]; Volunteer Firefighters’ Benefit Law § 3 [2] [a]-[c] [same]).
 

 The Broome County Airport’s CFR does not fall within any of these statutory categories as it was not organized by a county, city, town, village or fire district department
 
 (see,
 
 County Law § 225-a [5] [county may contract with incorporated fire company]; General City Law § 16-a [city fire company]; Town Law §§ 176-b, 184 [fire district and town fire companies]; Village Law § 10-1006 [village fire company]), nor was it incorporated as a "Type B” not-for-profit fire corporation recognized by the local entity responsible for fire prevention
 
 (see,
 
 Not-For-Profit Corporation Law § 1402), nor was it incorporated under any other section of the law. "In the absence of some clear indication from the Legislature signaling a departure from the meaning [the statute] has * * * attributed to the phrase”
 
 (Matter of Mashnouk v Miles,
 
 55 NY2d 80, 88), we hold that plaintiff was not an officer or member of a fire company entitled to benefits under the statute.
 

 Finally, in addition to the erroneous interpretation of section 207-a, we note that the courts below further erred by submitting the question whether plaintiff was a member of a fire company as a question of fact to the jury. That issue of statutory interpretation should instead have been decided by the court as a matter of law.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.