■ CYNTEASHA KIETT, an Infant, by Her Mother and Natural Guardian, YOLANDA KIETT, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [681 NYS2d 54] —In an action to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Dowd, J.), entered September 23, 1997, which, after a nonjury trial on the issue of liability only, found it to be 75% at fault in the happening of the accident.

Ordered that the interlocutory judgment is affirmed, with costs.

In October 1991, while the then 9-year-old plaintiff, Cynteasha Kiett, was walking with her family on the sidewalk abutting the Linden Housing Project, owned and managed by the defendant, New York City Housing Authority (hereinafter the Housing Authority), she tripped over rocks, concrete, and debris on the sidewalk, and was injured. The evidence indicated that the Housing Authority had hired a contractor to repair the sidewalk in the fall of 1991. Further, an employee of the Housing Authority testified that he had notified his supervisor of the dangerous condition on the sidewalk. The infant plaintiff admitted that even though she saw the debris prior to falling and she thought she had successfully avoided it, she tripped and fell. After a nonjury trial, the court determined that the Housing Authority created the hazardous condition, proximately caused the infant plaintiff's injuries, and was 75% at fault in the happening of the accident. The court found the infant plaintiff to be 25% at fault, since she was aware of the obvious hazardous condition and failed to use reasonable care in passing that part of the sidewalk. We affirm.

A landowner has a duty to maintain the property in a reasonably safe condition so as to prevent the occurrence of foreseeable injuries (see, Basso v Miller, 40 NY2d 233; Kurshals v Connetquot Cent. School Dist., 227 AD2d 593), and will not be liable to an injured pedestrian on a public sidewalk abutting the landowner's premises unless the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner (see, Figueroa v City of New York, 227 AD2d 373, 374). The evidence established that the Housing Authority created the hazardous condition and failed to properly clean the sidewalk after the repair was completed. Furthermore, contrary to the Housing Authority's contention, the plaintiff's culpable conduct did not, as a matter of law, absolve the Housing Authority from its own negligence (see, Jimenez v Urban Universal Structures, 174 AD2d 604, 605). "[W]here, as here, the trial court's determination is not against the weight of the evidence or contrary to law, this Court will not disturb that determination on appeal" (Nado v State of New York, 220 AD2d 397, 398). Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur.