■ Florence Coon, Respondent, v Harold A. Ray et al., Appellants, et al., Defendant. [699 NYS2d 176] —Mikoll, J. P. Appeal from an order of the Supreme Court (Ingraham, J.), entered June 16, 1998 in Chenango County, which denied a motion by defendants Harold A. Ray and Herkimer Valley Electric Supply Company, Inc. for summary judgment dismissing the complaint against them.

Plaintiff alleges that on December 2, 1993, in the City of Norwich, Chenango County, she stepped into a hole and fell on a public sidewalk adjacent to property owned by defendants Harold A. Ray and Norwich Shoe Company, Inc. and leased by defendant Herkimer Valley Electric Supply Company, Inc. In this action to recover for injuries sustained as a result of her fall, plaintiff alleged that defendants breached their statutory duty to repair and maintain the public sidewalk abutting their property. Ray and Herkimer Valley unsuccessfully sought summary judgment dismissing the complaint on the ground that there was no basis, statutory or otherwise, for imposition of liability on them. They now appeal Supreme Court's determination that title V, section 97 of the Norwich City Charter imposed a duty and concomitant liability upon them as abutting landowners.

We note first that plaintiff, acknowledging the well-settled rule of law that liability for injuries resulting from the negligent maintenance or defective condition of a public

sidewalk generally rests with the municipality and not the abutting landowner, relies solely on that exception to the general rule available "where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty" (*Hausser v Giunta*, 88 NY2d 449, 453). We have repeatedly emphasized that to successfully invoke this exception, the statute, ordinance or municipal charter "must not only charge the abutting owner or occupier with a duty to maintain the public sidewalk, but it must also specifically state that a breach of that duty will result in liability to those who are injured by defects in the sidewalk" (*Appio v City of Albany*, 144 AD2d 869, 870; *see, Farnsworth v Village of Potsdam*, 228 AD2d 79; *Brady v Maloney*, 161 AD2d 879, 880; *Kiernan v Thompson*, 137 AD2d 957; *see also, Bloch v Potter*, 204 AD2d 672).

The sole question presented, therefore, is whether Supreme Court properly interpreted title V, section 97 of the Norwich City Charter as imposing both a duty and liability upon defendants. Section 97 provides, in pertinent part, as follows: "The Department of Public Works shall have full power and authority, and it shall be its duty, to require the owner of property abutting upon a street to repair any sidewalk in front thereof, or bring the same to true grade and to remove all the snow and ice therefrom. Where the owner of such property shall fail or neglect to repair any sidewalk or bring the same to true grade for five (5) days after written notice so to do has been served upon him * * * it shall be the duty of the Department to repair such sidewalk * * * and after it shall have been done so, a bill for the expenses incurred thereby shall be presented to the owner".

After providing that upon the landowner's failure to pay such expenses within 10 days after the bill is rendered the City is authorized to include the amount thereof on the tax assessment roll, section 97 continues with language added in a 1991 amendment: "The City of Norwich assumes no liability for personal injury or property damage claims arising as a result of defects in, or disrepair of, *privately owned sidewalks*. Liability for personal injury, and/or personal property claims * * * shall lie exclusively with the owner(s) of the premises *abutting said sidewalk* and/or any occupants as tenants or otherwise if applicable." (Emphasis supplied.)

Plaintiff argues that when read in its entirety, section 97 effectively transfers responsibility for all sidewalk maintenance and repairs from the City to the abutting private landowners

and occupants and imposes tort liability on same for breach of the duty created thereby. We cannot agree. Far from relieving the City from any such obligations, section 97 clearly contemplates its active involvement in enforcing those provisions pertaining to the maintenance and repair of public sidewalks. Hence, the adjoining landowner's duty to repair is only triggered upon written notice issued by the City. Failing the owner's prompt curative action, the City is obliged to effect the necessary repairs and collect the cost therefor from the owner. Nowhere does the section provide that an owner or occupant of private property abutting public sidewalks shall be liable for any breach of its obligations thereunder; indeed, the section imposes no duty of repair or maintenance upon a tenant or occupant.

Nonetheless, plaintiff argues that the language added by the 1991 amendment, when read in conjunction with the preceding provisions, evinces a legislative intent to impose such liability, suggesting that the section's reference to "privately owned sidewalks" represents only "inartful draftsmanship". Again, we cannot agree. We are not at liberty to disregard the plain language of the charter and presume that its intent was to impose tort liability for abutting owners of public sidewalks. Furthermore, as we perceive it, the term "privately owned" is used to distinguish between the City's enumerated enforcement obligations vis-à-vis public sidewalks on the one hand, and its disclaimer of any responsibility as to privately owned sidewalks on the other. Thus, while the City is obliged to monitor the condition of public sidewalks, notify abutting landowners of necessary repairs and attend to those repairs in the event the landowner fails to comply, it has no such duty in the case of privately owned sidewalks.

We conclude, therefore, that Supreme Court erred in its determination that the Norwich City Charter imposes liability upon an abutting property owner "whether [or not] the sidewalk is characterized as 'public' or 'private'". Ray and Herkimer Valley were entitled to summary judgment dismissing the complaint against them.

Yesawich Jr., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Harold A. Ray and Herkimer Valley Electric Supply Company, Inc. and complaint dismissed against them.