The plaintiff's remaining contentions are without merit. Feuerstein, J.P., Smith, Townes and Cozier, JJ., concur.

■ GALLO WINE DISTRIBUTOR, LLC, Doing Business as PREMIER WINE & SPIRITS, Appellant, v E.A.R. LIQUOR CORP. et al., Respondents. [755 NYS2d 899] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated November 20, 2001, which denied its motion for summary judgment.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment on the first cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for an inquest as to damages in accordance herewith.

The plaintiff established its entitlement to judgment as a matter of law on its first cause of action to recover damages for breach of contract for goods sold and delivered. In opposition, the defendants failed to submit sufficient evidence to raise a triable issue of fact with regard to the existence of a contract and the default thereon (see Zuckerman v City of New York, 49 NY2d 557 [1980]). The defendants' assertion regarding the quality of the products delivered can be resolved at the inquest on damages.

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., Smith, Townes and Cozier, JJ., concur.

■ GRISEL GARCIA et al., Respondents, v U-HAUL Co., INC., Appellant. [755 NYS2d 900] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated January 31, 2002, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Grisel Garcia allegedly tripped over, and fell onto, a metal beam lying on the second floor of a U-Haul storage facility in Brooklyn. The defendant moved for summary judgment, claiming that it neither created nor had actual or constructive notice of the allegedly dangerous condition. The Supreme Court denied the motion. We affirm.

It is well established that a plaintiff in a slip and fall case must demonstrate that the defendant either created the defective condition or had actual or constructive notice of it (*see e.g. Goldman v Waldbaum, Inc.,* 248 AD2d 436 [1998]). A defendant who has actual knowledge of a recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition (*see Freund v Ross-Rodney Hous. Corp.,* 292 AD2d 341 [2002]; *Osorio v Wendell Terrace Owners Corp.,* 276 AD2d 540 [2000]; *McLaughlan v Waldbaums, Inc.,* 237 AD2d 335 [1997]). Here a customer service representative at the facility testified that he had observed beams on the floor "once in a while," then stated that he saw beams on the ground or broken off about once or twice a month. Under such circumstances, a trier of fact could reasonably infer that the defendant had actual notice of such a recurring condition. Therefore, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.