■ CARMEN BATISTA, Respondent, v KFC NATIONAL MANAGEMENT COMPANY et al., Appellants. [801 NYS2d 336]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.) dated June 18, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that she slipped and fell as a result of the presence of wood chips on a public sidewalk adjacent to property owned and/or leased and maintained by the defendants. The plaintiff further alleges that these chips emanated from planted areas on the defendants' property.

A plaintiff in a slip-and-fall case must demonstrate that the defendant either created the defective condition or had actual or constructive notice thereof (*see Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]). A defendant who has actual knowledge of a recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition (*see Fielding v Rachlin Mgt. Corp.*, 309 AD2d 894 [2003]). Here, the manager of the restaurant which leased the property testified that her daily inspection of the premises frequently revealed the presence of wood chips on the adjacent sidewalk.

Under these circumstances, "a trier of fact could reasonably infer that the defendant had actual notice of such a recurring condition" (*Garcia v U-Haul Co.*, 303 AD2d 453, 454 [2003]). In addition, contrary to the defendants' contention, the plaintiff adduced sufficient evidence to demonstrate that the wood chips on the sidewalk emanated from the defendants' property, and that such condition may have constituted a hazardous situation which precipitated her fall (*see generally Zektser v City of New York*, 18 AD3d 869 [2005]; *Altieri v Golub Corp.*, 292 AD2d 734 [2002]; *Kiett v New York City Hous. Auth.*, 255 AD2d 422 [1998]; *Giardina v Lee*, 202 AD2d 278 [1994]).

The defendants' remaining contentions are without merit. Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur.