■ ROSEMARY DIMAIO, Respondent, v MICHAEL POZEFSKY, Appellant. [827 NYS2d 740]—

Mercure, J. Appeal from an order of the Supreme Court (Giardino, J.), entered May 9, 2004 in Fulton County, which denied defendant's motion for summary judgment dismissing the complaint.

While walking to her parked car on the public roadway adjacent to defendant's property in the City of Gloversville, Fulton County, plaintiff stepped on a defective curb and fell down, injuring her foot and ankle. The curb was located between the public roadway and a grassy median abutting the sidewalk on defendant's property. After the Gloversville City Clerk informed plaintiff that adjacent property owners are responsible for the maintenance of sidewalks and curbing, plaintiff commenced this action against defendant, alleging that his negligence in failing to maintain the curb caused her injuries. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Defendant asserted that while the Gloversville Code imposed a duty on adjacent property owners to maintain sidewalks, the responsibility to maintain curbing along public roads was left to the City. Supreme Court denied the motion on the ground that the ordinance was not clear and, thus, raised issues of fact regarding defendant's duty to maintain the curb. Defendant appeals and we now reverse.

Generally, "[o]wners of land abutting public property are not

liable for keeping that public property in a safe condition merely by reason of the proximity of their property" (*Fitzgerald v Adirondack Tr. Lines, Inc.*, 23 AD3d 907, 908 [2005]; *see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). As relevant here, an exception to the general rule exists where a municipal ordinance expressly imposes a duty on the landowner to maintain a sidewalk or curb and states that a breach of that duty will result in liability to injured third parties (*see Hausser v Giunta, supra* at 453; *Coon v Ray*, 266 AD2d 780, 781 [1999]; *Farnsworth v Village of Potsdam*, 228 AD2d 79, 82-83 [1997]). Defendant concedes that the Gloversville Code imposes both a duty on landowners to maintain public sidewalks abutting their property and liability for a failure to do so (*see* Gloversville Code § 212-7 [B]). The parties dispute, however, whether the ordinance encompasses curbing that lies on the far side of a grassy median separating the sidewalk from the public roadway.

Gloversville Code § 212-7 (B) states in pertinent part: "A property owner shall be responsible for removing snow, ice and other obstructions from *the public sidewalk abutting his or her property* and for maintaining the same in a safe state of repair, free of holes, ridges or other defects which are hazardous to pedestrian traffic and shall clear and repair the same from time to time, as needed to correct any such defects. Such owner shall be liable for any injury or damage to any person or to such person's property occurring because of such owner's omission, failure or negligence to make, maintain or repair such sidewalk or to remove snow, ice or other obstructions therefrom as provided herein" (emphasis added). The Code defines "sidewalk" as "[a]ny paved or maintained surface used for public pedestrian use" (Gloversville Code § 212-3 [B]). Construing section 212-7 narrowly, as a statute in derogation of the common law (*see Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81, 86 [1995]), and in accord with the Code's definition of sidewalk, the ordinance cannot support an interpretation that imposes a duty to maintain curbs upon adjacent landowners. On its face, the Code's definition of the term "sidewalk" excludes surfaces that are not "used for public pedestrian use," such as curbs separated from sidewalks by a grassy median. Indeed, the term "curb" is used separately and independently from "sidewalk" in another section of the Code (Gloversville Code § 212-8 [B]), illustrating that the drafters of the statute recognized the terms as distinct. Accordingly, inasmuch as Gloversville Code § 212-7 (B) does not expressly impose a duty to maintain curbs and it is well settled that issues of statutory interpretation, including interpretation of municipal ordinances, present matters of law for the courts to decide (*see e.g. Robbins v County of Broome*, 87

NY2d 831, 834 [1995]; *DeRosa v City of New York*, 30 AD3d 323, 326 [2006]; *but see Nado v State of New York*, 220 AD2d 397, 398 [1995]), we agree with defendant that Supreme Court erred in refusing to grant his motion to dismiss the complaint.

Plaintiff's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, and complaint dismissed.