# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**419**

**CA 13-01289**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

MARITZA RACHLIN AND DENNIS R. RACHLIN,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

MICHAELS ARTS & CRAFTS, MICHAELS STORES, INC.
AND BOULEVARD MALL EXPANSION, LLC,
DEFENDANTS-APPELLANTS.
-------------------------------------------------
MICHAELS STORES, INC. AND MICHAELS ARTS &
CRAFTS, THIRD-PARTY PLAINTIFFS-RESPONDENTS,

V

BOULEVARD MALL EXPANSION, LLC, THIRD-PARTY
DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

GOLDBERG SEGALLA LLP, BUFFALO (MICHAEL GLASCOTT OF COUNSEL), FOR
DEFENDANT-APPELLANT BOULEVARD MALL EXPANSION, LLC AND THIRD-PARTY
DEFENDANT-APPELLANT.

DAMON MOREY LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR
DEFENDANTS-APPELLANTS MICHAELS ARTS & CRAFTS AND MICHAELS STORES, INC.
AND THIRD-PARTY PLAINTIFFS-RESPONDENTS.

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeals from an order of the Supreme Court, Erie County (Tracey
A. Bannister, J.), entered October 12, 2012. The order, among other
things, denied that part of the cross motion of Michaels Arts & Crafts
and Michaels Stores, Inc. seeking summary judgment dismissing the
complaint against them and denied the cross motion of Boulevard Mall
Expansion, LLC, seeking summary judgment dismissing the complaint
against it and the third-party complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this personal injury action
seeking to recover damages resulting from injuries sustained by
Maritza Rachlin (plaintiff) when she slipped and fell on a puddle of
water inside a retail store. Plaintiffs allege, inter alia, that the

puddle was the result of a persistently leaky roof at the subject premises.  Defendant-third-party defendant Boulevard Mall Expansion, LLC (Boulevard) is the owner of the property and defendants-third-party plaintiffs, Michaels Arts & Crafts and Michaels Stores, Inc. (collectively, Michaels defendants) are the tenants that operate the retail store thereon.  Boulevard appeals from an order that, inter alia, denied its cross motion for summary judgment dismissing the complaint and third-party complaint.  The Michaels defendants appeal from the same order insofar as it denied that part of their cross motion for summary judgment dismissing the complaint against them.  We reject the contentions of Boulevard and the Michaels defendants (hereafter, defendants) that they did not have actual or constructive notice of the alleged dangerous condition that caused plaintiff's fall, and thus that Supreme Court erred in denying those parts of their respective cross motions seeking summary judgment dismissing plaintiffs' complaint.

"It is well settled that defendant[s] cannot establish [their] entitlement to judgment as a matter of law simply by pointing to gaps in plaintiffs['] proof" (*Route 104 & Rte. 21 Dev., Inc. v Chevron U.S.A., Inc.*, 96 AD3d 1491, 1492; *see Baity v General Elec. Co.*, 86 AD3d 948, 950; *Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980).  Rather, each defendant had the initial burden on its respective cross motion of establishing as a matter of law that it did not have actual or constructive notice of the alleged dangerous condition inside the store (*see Murphy v County of Westchester*, 228 AD2d 970, 971; *see generally Conti v Town of Constantia*, 96 AD3d 1461, 1462).  We conclude that defendants failed to meet their initial burden with respect to actual or constructive notice (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  The evidence in the record establishes that the building's roof had leaked on multiple occasions in the past and had leaked on the day of the subject accident, which resulted in water entering the area of the store open to the public.  Given that evidence, we conclude that " 'a trier of fact could reasonably infer that the defendant[s] had actual notice of such a recurring condition' " (*Batista v KFC Nat. Mgt. Co.*, 21 AD3d 917, 918; *see Garcia v U-Haul Co.*, 303 AD2d 453, 454).  Moreover, "[a] defendant who has actual notice of a recurring dangerous condition can be charged with constructive notice of each specific recurrence of the condition" (*Batista*, 21 AD3d at 917; *see Phillips v Henry B'S, Inc.*, 85 AD3d 1665, 1666).  Contrary to defendants' contention, the testimony of a manager for the Michaels defendants with respect to causation, i.e., that the accident was caused by melting snow or slush from plaintiff's boots, is speculative, and that testimony is therefore insufficient to establish defendants' entitlement to judgment as a matter of law.  Finally, given Boulevard's failure to establish that it did not have actual or constructive notice of the alleged dangerous condition, we conclude that the court properly denied Boulevard's cross motion insofar as it sought dismissal of the third-party complaint against it.

Entered:  June 20, 2014                        Frances E. Cafarell
                                               Clerk of the Court