■ NORMA K. LITTLE et al., Appellants, v CITY OF ALBANY, Defendant, and RTA CORPORATION, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered October 26, 1989 in Albany County, which granted defendant RTA Corporation's motion for summary judgment dismissing the complaint and all cross claims against it.

Plaintiffs brought this action to recover for injuries which plaintiff Norma K. Little sustained on February 22, 1984, when she tripped and fell on a sidewalk abutting property owned by defendant RTA Corporation at 991 Broadway in the City of Albany. It is undisputed that the subject sidewalk was constructed and owned by defendant City of Albany (see, 154 AD2d 807). RTA moved for summary judgment dismissing the complaint and cross claims asserted against it, alleging that it did not own, control or repair the sidewalk or put it to any special use or benefit, and that its actions in no way created or caused the condition in the sidewalk which formed the basis for plaintiffs' complaint. In opposition, plaintiffs came forward with affidavits alleging facts sufficient to support a finding that patrons of RTA's business would frequently park vehicles on the portion of the sidewalk upon which the fall occurred and that, in the winter, RTA's employees placed salt and gravel on and removed snow from the sidewalk. Supreme Court granted RTA's motion and plaintiffs appeal.

We affirm. The general rule is that an owner of land abutting a public sidewalk does not, solely by reason of being an abutter, owe to the public a duty to keep the sidewalk in a safe condition (see, Kiernan v Thompson, 137 AD2d 957, 958). An exception has been recognized where the abutting owner uses the sidewalk for a special purpose (see, supra). However, the exception will apply only in those cases where the sidewalk was "constructed" in a special manner for the benefit of the abutting owner or occupier (see, Appio v City of Albany, 144 AD2d 869, 870), clearly not the case here. Thus, treatises have described the special benefit exception as applying in the case of an "installation" in the sidewalk (see, 4C Warren, Negligence in the New York Courts, Sidewalks, § 4.09, at 205-206 [3d ed]; 1 NY PJI 2:111, at 317 [2d ed]) or "construction" in a special manner (see, 65 NY Jur 2d, Highways, Streets, and Bridges, § 371, at 154).

Contrary to plaintiffs' contention, *Appio v City of Albany (supra)* is easily harmonized with the cases which they rely upon because in each of those cases, as in *Appio,* the improvement was specially constructed for the benefit of the abutting owner or occupier *(see, Condon v Arata,* 302 NY 579 [iron fence]; *Nickelsburg v City of New York,* 263 App Div 625 [iron rails or bars imbedded in sidewalk]). Similarly, *Cole v City of Albany* (80 AD2d 656) and *Dressler v Socony Mobil Oil Co.* (22 AD2d 780) each involved a driveway or sidewalk constructed for the purpose of providing a means of ingress and egress to and from the defendant's premises *(see also, Wylie v City of New York,* 286 App Div 720). Finally, we note that plaintiffs failed to come forward with competent evidence that RTA or its patrons damaged the sidewalk in the area where the accident occurred. Nor does the record demonstrate that a defective condition was produced by the manner in which the sidewalk was used *(see, Nickelsburg v City of New York, supra,* at 626).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.