■ JANINE LA PORTA, Appellant, v JOHN THOMPSON et al., Respondents.—Yesawich Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Benson, J.), entered June 26, 1990 in Dutchess County, which granted defendants' motions for summary judgment dismissing the amended complaint.

Plaintiff sued to recover money damages for personal injuries sustained when she slipped on a raised asphalt ramp extending from the curb of a municipal sidewalk at the end of a common driveway onto a municipal street. The driveway is located between premises owned and managed by defendants in the City of Beacon, Dutchess County. Following plaintiff's unsuccessful attempt to obtain leave to serve a late notice of claim on the City and to amend the summons and complaint to add the City as a defendant in the instant action, defendants moved for and were granted summary judgment; plaintiff appeals.

Plaintiff maintains that because the ramp was constructed for defendants' special use or benefit, they had a duty to keep it in a state of repair to avoid harm to members of the general public, and the question of whether the ramp was defective or in a state of disrepair at the time of her accident is a triable question of fact precluding summary judgment.

Defendants were not obligated by municipal statute to maintain the ramp and there is no evidence that they created

or caused the defect *(see, City of Rochester v Campbell,* 123 NY 405, 414; *Forelli v Rugino,* 139 AD2d 489). They may be liable nonetheless if they failed "to maintain in a reasonably safe condition [the ramp] which is constructed in a special manner in order that [their properties] may derive a special benefit" *(Hughes v City of New York,* 236 NYS2d 446, 449, *affd* 25 AD2d 617, *lv denied* 18 NY2d 577; *see, Friedman v Gearrity,* 33 AD2d 1044, 1044-1045; 4A Warren's Negligence, Driveways, § 1.09, at 341 [3d ed]; 65 NY Jur 2d, Highways, Streets, and Bridges, § 371, at 153). While it is not established in the record who installed the ramp, it is circumstantially evident that the ramp was constructed not for public use, but to enable vehicles on the lower roadway to mount the raised sidewalk in order to enter defendants' common driveway *(see, Nickelsburg v City of New York,* 263 App Div 625, 626; *cf., Appio v City of Albany,* 144 AD2d 869, 870). The fact that the ramp was built prior to defendants buying their respective properties, that it was likely to have been built by the City and that defendants' property lines adjoin the sidewalk but do not reach the street is immaterial *(see, Rooney v City of Long Beach,* 42 AD2d 34, 36-67, *appeal dismissed* 33 NY2d 897; *Olivia v Gouze,* 285 App Div 762, 765, *affd* 1 NY2d 811). Whether defendants breached their duty to maintain the ramp turns on whether the ramp was defective at the time of plaintiff's accident and whether such defect caused plaintiff's injury.

Defendants contend that, even if they had such a duty, plaintiff's failure to provide evidence of negligence and causation justified summary judgment in their favor. They offer no evidence, however, as to the condition of the ramp at the time of the accident, but rely solely on the alleged inadequacy of plaintiff's deposition testimony. Significantly, plaintiff, in her proposed verified notice of claim against the City, described the ramp area variously as uneven, having cracks, ruts, holes and depressions, in a dilapidated condition and in a state of disrepair. Before the burden shifts to plaintiff to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562), "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp., supra,* at 324). As defendants have failed to make any such showing, their summary judgment motion must be denied regardless of the sufficiency of plaintiff's opposing papers.

Casey, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.