■ MIRIUM MARGULIES et al., Appellants, v JACOB FRANK et al., Respondents. (And a Third-Party Action.) (And Another Related Action.) [644 NYS2d 596] —White, J.

Defendants Jacob Frank, Leah Frank, Yehuda Frank and Gila Frank own property located on State Route 306 in the Town of Ramapo, Rockland County, that they lease to defendant Hatzlacha Clothing and Needlecraft, Inc. (hereinafter collectively referred to as defendants),* which operates a retail business therefrom. In front of defendants' business is a small parking lot which leads directly onto Route 306. Sometime in 1990, as part of a highway improvement project, the State constructed a sidewalk along Route 306 that abutted defendants' parking lot. Instead of being level with the parking lot, the sidewalk was elevated above it, creating a significant height differential. After defendants complained about this, the State's contractor mounded some macadam along the curb of the sidewalk nearest the parking lot, thereby reducing the dropoff

---

* Defendant and third-party plaintiff Lazar Fleberbaum is an employee of Hatzlacha Clothing and Needlecraft, Inc.

from the sidewalk to the parking lot. On January 1, 1992, plaintiff Mirium Margulies pulled into the parking lot and parked her car parallel to the sidewalk. She exited her car without difficulty but, upon returning, she stepped on the macadam mound and fell, breaking her right leg.

Thereafter Margulies and her husband began this negligence action claiming that the macadam mound was a dangerous condition that caused Margulies to fall. Following discovery, defendants moved for summary judgment dismissing the complaint, supporting their motions with a survey and surveyor's opinion that the sidewalk and macadam mound are located on property owned by the State. Supreme Court granted the motion, prompting this appeal by plaintiffs.

Inasmuch as plaintiffs do not challenge the surveyor's opinion with evidentiary proof, they can only defeat defendants' motions with proof that shows (1) defendants created the dangerous condition, or (2) defendants did not comply with a statute or ordinance that placed the obligation to maintain the sidewalk upon them and imposed tort liability for breach of that obligation, or (3) defendants used the sidewalk for a special purpose (*see, Parros v Assad,* 212 AD2d 520). As plaintiffs have not made any attempt to bring this matter within either of the first two bases of liability, the issue distills to whether defendants used the sidewalk for a special purpose.

The doctrine of special use is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use (*see, Poirier v City of Schenectady,* 85 NY2d 310, 315). Generally, special use cases involve the installation of some object in the sidewalk or some variance in the construction thereof, such as a concrete step mounted upon the sidewalk immediately beneath the elevated doorway of a restaurant, the installation of terrazzo tile underneath a theater's marquee, the installation of rails in the sidewalk to facilitate the removal of refuse, the placement of a pipe for heating oil or the installation of a driveway cut-out (*see, Granville v City of New York,* 211 AD2d 195, 197; *Gage v City of New York,* 203 AD2d 118, 119; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 298, *lv dismissed in part and lv denied in part* 73 NY2d 783).

As the First Department noted in *Balsam v Delma Eng'g Corp.* (*supra*), the common thread running through these cases is that the "installation [was] 'exclusively for the accommodation of the owner' " (*supra,* at 298, quoting *Nickelsburg v City of New York,* 263 App Div 625, 626). Here, there is no proof in

the record nor does it appear that the installation of the macadam mound was for the exclusive accommodation of defendants. Instead, it appears to have been done to obviate the potentially dangerous condition the height differential presented to the users of the sidewalk. Thus, we conclude that the doctrine of special use has no application to this case and, accordingly, affirm, Supreme Court's order granting summary judgment to defendants.

Cardona, P. J., Mikoll, Mercure and Spain, JJ., concur. Ordered that the order is affirmed, with costs.