◼ JOHN J. BURKE et al., Appellants, v VILLAGE OF MALONE et al., Defendants, and KAY GLASGOW, Respondent. [668 NYS2d 260] —Mikoll, J. P. Appeal from that part of an order of the Supreme Court (Ryan, Jr., J.), entered January 27, 1997 in Franklin County, which granted defendant Kay Glasgow's motion for summary judgment dismissing the complaint against her.

Defendant Kay Glasgow owned a building located at the corner of East Main Street and Mill Street in the Village of Malone, Franklin County. She leased the building's storefront on a month-to-month basis to defendant Joseph Calipari, who operated a retail music store therein. On April 4, 1994, shortly after 8:30 A.M., Calipari hosed down the sidewalks on East Main Street and Mill Street in front of his store to remove accumulated sand. At approximately 10:00 A.M. the same day, as plaintiff John J. Burke (hereinafter plaintiff) was stepping from the sidewalk to the street at the intersection, his right foot slipped out from beneath him and he fell, fracturing his ankle. Although plaintiff did not observe any ice, snow or other defect in the sidewalk, curb or street, he alleged that his fall resulted from an icy condition created by the freezing of the water sprayed on the sidewalk by Calipari.

After discovery and depositions of the parties were completed, Glasgow moved for summary judgment arguing, *inter alia*, that she did not maintain sufficient control over the leased premises to justify imposition of liability. Supreme Court granted the motion, noting that even assuming the existence of an issue of fact as to Glasgow's retention of control over the

premises, there was no evidence that she had actual or constructive notice of the allegedly dangerous condition resulting in plaintiff's fall. We agree.

Even assuming that Glasgow retained control over the leased premises, liability will not be imposed in the absence of evidence that she had actual or constructive knowledge of the dangerous condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the owner] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *see, Seigel v Congregation Zichron Shmuel*, 226 AD2d 913). The record is devoid of support for plaintiffs' contention that Glasgow had both actual and constructive notice of the icy condition. No evidence was presented that Glasgow was at the premises the day of the accident. The period of time between Calipari's hosing of the sidewalk and plaintiff's accident was insufficient for Glasgow to have acquired constructive knowledge of the condition. Moreover, the record is clear that no one, including plaintiff, observed the dangerous condition prior to the accident.

Plaintiffs' next argument, advanced for the first time on this appeal, is that an implied contract existed between Glasgow and Calipari for the maintenance of the sidewalk rendering Glasgow vicariously liable for Calipari's negligence. Aside from the fact that the issue was not properly preserved, the record establishes no agreement between Calipari and Glasgow for the exterior maintenance of the building or the adjacent sidewalks.

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.