■ WILLIAM CLAUS et al., Respondents, v JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY et al., Defendants and

Third-Party Plaintiffs. A. J. CONTRACTING Co., Third-Party Defendant-Appellant, et al., Third-Party Defendants. A. J. CONTRACTING Co., INC., Sued Herein as A. J. CONTRACTING Co., Fourth-Party Plaintiff-Appellant-Respondent, v HI TECH DATA FLOORS, INC., Fourth-Party Defendant-Respondent-Appellant. A. J. CONTRACTING Co., INC., Sued Herein as A. J. CONTRACTING Co., Second Fourth-Party Plaintiff-Appellant, et al., Second Fourth-Party Defendants. [679 NYS2d 6] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about October 31, 1997, which granted plaintiffs' motion to vacate an earlier judgment, denied a motion and cross motion to dismiss the complaint to the extent of upholding claims under Labor Law § 241 (6), severed and continued those claims, along with all related counterclaims, cross claims and third-party claims, and granted plaintiffs leave to interpose an amended bill of particulars, deeming the proffered amended bill served and filed, unanimously affirmed, without costs.

Under the unique circumstances presented, the court's vacatur of its prior judgment was a proper exercise of its inherent power (*see, Ladd v Stevenson*, 112 NY 325, 331-332). Leave to amend the bill of particulars was appropriately granted by the court *sua sponte* (*see, e.g., Zinn v Long Is. Jewish Med. Ctr.*, 101 AD2d 860, 861), since it had inherent power to permit the correction of pretrial disclosure (*see, e.g., Prunty v Keltie's Bum Steer*, 163 AD2d 595, 596), and to permit conformity of pleadings to proof (*see, e.g., Agri Fin. v Senter*, 105 AD2d 560, 561, *lv denied* 64 NY2d 603). The section of the Industrial Code on which plaintiffs rely (12 NYCRR 23-1.7 [b] [1] [i]) is adequately specific and concrete (*see, Boss v Integral Constr. Corp.*, 249 AD2d 214). The argument that the hole left in the raised floor by removal of tiles was integral to the construction process is raised for the first time on appeal, and since it could have been countered factually, we decline to reach it (*see, e.g., Reliance Natl. Ins. Co. v Sapiens Intl. Corp.*, 243 AD2d 406). Concur—Milonas, J. P., Rosenberger, Wallach, Tom and Mazzarelli, JJ.