■ JOAN SCHWARTZBERG, Respondent, v ALAN EISENSON, Appellant. [687 NYS2d 832] —Mikoll, J. P. Appeal from an order of the Supreme Court (Torraca, J.), entered May 20, 1998 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for injuries she allegedly sustained in a slip and fall on a sidewalk in the Town of Woodstock, Ulster County. After issue was joined and discovery was conducted, defendant moved for summary judgment dismissing the complaint on the ground that the area of the sidewalk where plaintiff fell is outside the boundary of his property. Supreme Court denied the motion and this appeal ensued.

In support of his motion, defendant submitted evidentiary proof in admissible form, including a survey and surveyor's opinion, which established that the area where plaintiff fell was upon the public sidewalk owned by the Town, adjacent to defendant's property. This submission was sufficient to meet defendant's burden as the party seeking summary judgment, and the burden then shifted to plaintiff to submit evidentiary proof demonstrating the existence of a basis for imposing li-

ability upon defendant as an owner of property which abuts a public sidewalk (*see, Margulies v Frank*, 228 AD2d 965, 966). Plaintiff's opposition to the motion rested exclusively on the special use doctrine, under which a landowner whose property adjoins a public street or sidewalk, and who derives some special benefit therefrom unrelated to its public use, is required to maintain a portion of the public property (*see, Poirier v City of Schenectady*, 85 NY2d 310, 315).

Plaintiff's submissions establish that she fell on a sloped section of the sidewalk where a curb cut had been created for a driveway which crosses the sidewalk. Based upon evidence that defendant has a right-of-way and uses this driveway to access private parking spaces at the rear of his property, plaintiff claims that there are triable issues of fact as to defendant's special use of that portion of the sidewalk leading to the curb cut. We disagree. The basis upon which liability is imposed upon an adjoining landowner under the special use doctrine is that the condition was created solely for his benefit, and hence he has the duty to repair or maintain it (*see, Kaufman v Silver*, 90 NY2d 204, 207-208; *Margulies v Frank, supra*; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 298, *lv dismissed, lv denied* 73 NY2d 783). Plaintiff has made no showing that the curb cut was created solely for the accommodation of defendant's property, and in fact concedes that the driveway, which is on Town property, is used by the public to access a municipal parking lot. There being no question of fact regarding the applicability of the special use doctrine, which is the only asserted basis for defendant's liability, defendant's motion for summary judgment should have been granted.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.