■ Robert A. Oles et al., Respondents, v City of Albany, Defendant, and Russell Shooks, Doing Business as The Soap Opera, et al., Appellants. [699 NYS2d 202] —Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered April 30, 1999 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiffs brought this action to recover for injuries sustained by plaintiff Anna G. Oles (hereinafter plaintiff) on January 20, 1996, when she slipped and fell on ice in a public parking lot near the corner of Western Avenue and Glynn Street in the City of Albany. The claim of liability against defendants Luigi De Nitto and Maria S. De Nitto (hereinafter collectively referred to as De Nitto) is based upon their ownership of commercial property abutting the parking lot. De Nitto's property houses two businesses, a deli-bakery owned and operated by De Nitto and a laundromat owned by defendant Russell Shooks. Following joinder of issue, De Nitto and Shooks (hereinafter collectively referred to as defendants) each moved for summary judgment dismissing the complaint* upon the ground that they did not own the parking lot or put it to any special use and that their actions did not create the allegedly dangerous condition. Supreme Court denied the motions and defendants appeal.

It is undisputed that the property where plaintiff fell was owned by defendant City of Albany. It is well settled that "an owner of land abutting [public property] does not, solely by reason of being an abutter, owe to the public a duty to keep the [property] in a safe condition" (*Little v City of Albany*, 169 AD2d 1013). There are, however, three exceptions to this rule, applicable when the abutting owner (1) uses the area for a

---

* An additional summary judgment motion by defendant City of Albany is not at issue here.

"special purpose", (2) creates the dangerous condition, or (3) violates a statute or ordinance requiring the abutter to maintain the area (*Margulies v Frank*, 228 AD2d 965, 966). In this case, plaintiffs claim that the first and second exceptions apply. We disagree.

The "special purpose" exception has been recognized to apply "only in those cases where the [public property] was 'constructed' in a special manner for the benefit of the abutting owner or occupier" (*Little v City of Albany, supra*, at 1013) or a special benefit from the property unrelated to the public use is derived by the abutting owner or occupier (*see, Margulies v Frank, supra*, at 966). Thus, there can be no "special use" in the absence of a special installation or some variance in the construction of the public property (*see, id.*). Contrary to plaintiffs' contention, the special purpose exception is not satisfied by the mere fact that a commercial establishment derives some benefit from an adjacent public parking area (*see, Little v City of Albany, supra*, at 1013), and the uncontradicted evidence submitted on the summary judgment motions established that the parking lot was available to and utilized by the general public, including local residents and patrons of other local establishments.

Finally, although there is no question that defendants generally removed snow from the parking lot, the record contains no competent evidence that they created a dangerous condition by voluntarily undertaking that activity (*see, Tutrone v Limongello*, 245 AD2d 696, 697; *cf., Vander Veer v Henderson*, 267 AD2d 584 [decided herewith]).

Under the circumstances, we conclude that there is no basis for imposing liability upon defendants and their motions for summary judgment should have been granted.

Mikoll, J. P., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied the motions by defendants Russell Shooks, Luigi De Nitto and Maria S. De Nitto; motions granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.