■ MYRON MELAMED et al., Respondents, v STEVEN M. ROSEFSKY, Appellant, et al., Defendant. [737 NYS2d 410] —Spain, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered July 20, 2000 in Broome County, which denied defendant Steven M. Rosefsky's motion for summary judgment dismissing the complaint against him.

Plaintiff Gladys Melamed (hereinafter plaintiff) and her husband, derivatively, commenced this action seeking injuries she sustained when she slipped and fell on a driveway apron located adjacent to property owned by defendant Steven M. Rosefsky (hereinafter defendant). At the time of the accident, defendant's property was occupied by several residential tenants and one commercial tenant, an art gallery. The driveway apron that plaintiff was traversing when she fell apparently is public property but provides access from an eight-space parking lot which defendant specifically created for use by his tenants, their patrons and guests. The six by eight-foot apron gradually slopes down from the sidewalk to the street to provide vehicles with access to the driveway and parking lot without having to drive over the curb. Following the completion of discovery, defendant moved for summary judgment, solely on the ground that he did not own the driveway apron and thus had no duty to maintain it. Supreme Court denied the motion, concluding that a question of fact exists as to whether defendant derived a special use benefit from the driveway apron, thus creating a duty on his part to keep it in a reasonably safe condition.

"The general rule is that an owner of land abutting a public sidewalk does not, solely by reason of being an abutter, owe to the public a duty to keep the sidewalk in a safe condition * * *" (*Little v City of Albany*, 169 AD2d 1013, 1013 [citation omitted]; *see, Charbonneau v City of Cohoes*, 232 AD2d 931, 933). An exception to the general rule exists, however, where the neighboring landowner "derives a special benefit from that property unrelated to the public use" (*Margulies v Frank*, 228 AD2d 965, 966). This "special use" doctrine is reserved for those cases where the property in question has been altered in some way for the exclusive benefit of the abutting landowner (*see, id.; see also, Oles v City of Albany*, 267 AD2d 571, 572; *Schwartzberg v Eisenson*, 260 AD2d 854, 855, *lv denied* 93 NY2d 815; *Little v City of Albany*, supra at 1014).

Here, by raising the defense of nonownership in his motion for summary judgment, defendant shifted the burden of proof to plaintiffs to submit evidentiary proof demonstrating the existence of a basis for imposing a duty upon defendant (*see, Schwartzberg v Eisenson*, supra at 854-855). Record evidence exists suggesting that the public property in question had been altered to create a gradual grade change between the sidewalk and the street and defendant has failed, at this juncture, to set forth any evidence to dispute the assertion that this alteration was created solely for his use and the use of his tenants. Although it was not established by whom—or why—the apron was created, "it is circumstantially evident that the [apron] was constructed not for public use, but to enable vehicles on the lower roadway to mount the raised sidewalk in order to enter defendant['s] * * * driveway" (*La Porta v Thompson*, 178 AD2d 735, 736). Thus, Supreme Court correctly held that plaintiffs set forth sufficient evidence to create an issue of fact as to whether the subject property was created and exclusively used for defendant's benefit.

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.