■ Kristine Harris et al., Respondents, v FJN Properties, LLC, Appellant. [795 NYS2d 792]—

Cardona, P.J. Appeal from an order of the Supreme Court (Spargo, J.), entered June 29, 2004 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Kristine Harris (hereinafter plaintiff) and her husband, derivatively, commenced this action to recover for injuries allegedly sustained by plaintiff as a result of falling on an icy sidewalk bordering defendant's property in the Village of New Paltz, Ulster County. Plaintiff's fall occurred in the vicinity of a portion of the sidewalk that sloped downward to the street, thereby forming an apron for a driveway leading to a parking lot owned by defendant and used by defendant's tenants. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting this appeal.

"It is well settled that 'an owner of land abutting [a public sidewalk] does not, solely by reason of being an abutter, owe to the public a duty to keep the [sidewalk] in a safe condition' " (Oles v City of Albany, 267 AD2d 571, 571 [1999], quoting Little v City of Albany, 169 AD2d 1013, 1013 [1991]; accord Melamed v Rosefsky, 291 AD2d 602, 603 [2002]; see Boege v Ulster Light., 241 AD2d 600, 600 [1997]). However, this rule is not absolute; liability may be imposed upon an adjoining landowner where,

for example, "the sidewalk was constructed in a special manner for the benefit of the abutting owner" (*Hausser v Giunta*, 88 NY2d 449, 453 [1996]). In such a circumstance, liability may be justified when the neighboring landowner derives a benefit from the municipal property which is exclusive from that received by the public as a whole (*see Melamed v Rosefsky, supra* at 603; *Schwartzberg v Eisenson*, 260 AD2d 854, 855 [1999], *lv denied* 93 NY2d 815 [1999]; *Margulies v Frank*, 228 AD2d 965, 966 [1996]). Thus, when it can be established that the special configuration of public property inures exclusively to an adjoining landowner's benefit, such landowner is " 'required to maintain' the used property in a reasonably safe condition to avoid injury to others" (*Kaufman v Silver*, 90 NY2d 204, 207 [1997], quoting *Poirier v City of Schenectady*, 85 NY2d 310, 315 [1995]; *see Kiernan v Thompson*, 137 AD2d 957, 958 [1988]).

In the instant matter, defendant adduced evidence that plaintiff fell on a public sidewalk and thus shifted the burden to plaintiffs to establish a basis for defendant's liability as an appurtenant landowner (*see Melamed v Rosefsky, supra* at 603; *Schwartzberg v Eisenson, supra* at 854-855). In opposition to defendant's motion, plaintiffs produced the deposition testimony of defendant's principal, Frank Natoli, wherein he testified that the driveway apron leads to a parking lot owned by defendant. Although Natoli indicated that the driveway apron preexisted defendant's ownership of the parcel (*but see La Porta v Thompson*, 178 AD2d 735, 736 [1991]), he nonetheless conceded that he personally plowed the sidewalk and driveway apron, presumably for the benefit of defendant's tenants. Under these circumstances, we conclude that this evidence raised a question of fact concerning whether the driveway apron was constructed for the benefit of defendant's property (*see Melamed v Rosefsky, supra* at 603; *La Porta v Thompson, supra* at 736; *Cole v City of Albany*, 80 AD2d 656 [1981]).

Moreover, although defendant maintains that plaintiff fell on a portion of the sidewalk which preceded the driveway apron, plaintiff testified that she fell as she traversed the sidewalk where it sloped to create the driveway apron and indicated similarly on a photograph of the area. Accordingly, inasmuch as triable issues of fact exist concerning the precise location of plaintiff's fall, as well as defendant's special use of the property, and insofar as defendant has adduced no evidence in contravention of plaintiffs' allegations of negligence on the part of defendant (*see La Porta v Thompson, supra* at 736), we conclude that Supreme Court appropriately denied defendant's motion for summary judgment.

We have examined defendant's remaining contentions and find them to be unavailing.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.