■ JACQUELINE FITZGERALD, Appellant, v ADIRONDACK TRANSIT LINES, INC., Also Known as PINE HILL KINGSTON BUS COMPANY et al., Respondents. [804 NYS2d 126]—

Kane, J. Appeals (1) from an order of the Supreme Court (Kavanagh, J.), entered August 5, 2004 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered February 2, 2005 in Ulster County, which denied plaintiff's motion to renew and/or reargue.

After plaintiff stepped off the curb in front of defendants' bus terminal in the City of Albany, she slipped and fell on a patch of ice located in the city street abutting defendants' property. Plaintiff commenced this action for personal injuries caused by her fall. Defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion based on defendants' lack of ownership of the street, lack of notice of an icy condition and lack of proof that the icy patch was caused by water dripping off defendants' building. The court denied plaintiff's subsequent motion to renew and/or reargue. Plaintiff appealed both orders.

Supreme Court correctly granted defendants' motion for summary judgment. Defendants submitted undisputed proof that plaintiff slipped and fell in a public street, thus shifting the burden to plaintiff to establish a basis for defendants' liability as owner and maintainer of adjacent land (*see Harris v FJN Props., LLC*, 18 AD3d 1089, 1090 [2005]). Owners of land abutting public property are not liable for keeping that public property in a safe condition merely by reason of the proximity of their property (*see id.* at 1089; *Oles v City of Albany*, 267 AD2d 571, 571 [1999]; *Little v City of Albany*, 169 AD2d 1013, 1013 [1991]). There are exceptions to that general rule, including when the private landowner negligently created a dangerous or defective condition on the public property (*see Hausser v Giunta*, 88 NY2d 449, 453 [1996]; *Oles v City of Albany, supra* at 571-572). More specifically, if snow and ice are transferred from abutting premises to the public property by other than natural means or water is permitted to flow from the private premises onto the public property and freeze there, the private landowner may be held liable for creating a dangerous icy condition on the public street (*see Roark v Hunting*, 24 NY2d 470, 475 [1969]; *MacDonald v Howard*, 91 AD2d 1119, 1120 [1983]).

Accepting as true the allegations in plaintiff's affidavit that she saw water dripping from the roof of defendants' building onto the street in the exact icy spot where she fell, there still was no proof that defendants had any notice of this condition,

either actual or constructive. Plaintiff's reference to a conversation with defendants' baggage handler is inadmissible hearsay. Nevertheless, even accepting plaintiff's assertion that the baggage handler pointed out a defect in the building's roof which could cause water to leak onto the public street, there was no proof of actual prior notice of any defect in the roof that is alleged to have caused the icy condition, nor of the icy condition itself, nor of how long either condition existed so as to establish that defendants had constructive notice of any danger to the public (*see Wimbush v City of Albany*, 285 AD2d 706, 707 [2001]; *Burke v Village of Malone*, 246 AD2d 874, 875 [1998]; *compare Roark v Hunting, supra* at 475-476).

Supreme Court also did not err in denying plaintiff's motion to renew,* as nothing submitted on the motion addressed the dispositive notice issue.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, with costs.

---

* The denial of plaintiff's motion to reargue is not appealable (*see O'Brien v O'Brien*, 16 AD3d 1015, 1016 [2005]).