■ PAULA MOONS, Appellant-Respondent, v WADE LUPE CONSTRUCTION COMPANY, INC., Respondent-Appellant. [841 NYS2d 160]—

Cardona, P.J. Cross appeals from a judgment of the Supreme Court (Hoye, J.), entered March 20, 2006 in Schenectady County, upon a verdict rendered in favor of defendant.

While employed as a driver for United Parcel Service, plaintiff was injured when, in the course of her deliveries to defendant and another business, she twisted her ankle as she stepped into a pothole allegedly located on defendant's property on Cordell Road in the Town of Colonie, Albany County. Plaintiff com-

menced this personal injury action alleging, among other things, that defendant negligently maintained its property. Supreme Court denied defendant's motion for summary judgment dismissing the complaint and this Court affirmed (24 AD3d 1005 [2005]). The action proceeded to trial on the issue of liability and, at the close of plaintiff's proof, defendant moved for a directed verdict arguing that it did not have a duty to maintain the area in which the pothole was located. Supreme Court reserved decision and defendant presented its case, after which it renewed its motion for a directed verdict. Supreme Court reserved decision and submitted the case to the jury. The jury returned a verdict in favor of defendant and defendant thereafter again renewed its motion for a directed verdict, which Supreme Court denied. Plaintiff appeals, arguing only that the question of defendant's duty should have been determined by the court as a matter of law.*

We agree that the existence and scope of defendant's duty is a question of law for the court. Although material issues of fact must sometimes be resolved by a jury before a defendant's duty can be defined by the court, here the question of duty could have been decided as a matter of law without resort to the jury. The proof at trial established that Cordell Road is maintained by the Town of Colonie, which has a nine-foot paved right-of-way extending beyond the edge of the road leading into the parking lot in front of defendant's business. The pothole in which plaintiff stepped is not located in the parking lot but, rather, located partially in the roadway and partially in the Town's right-of-way. "Owners of land abutting public property are not liable for keeping that public property in a safe condition merely by reason of the proximity of their property" (*Fitzgerald v Adirondack Tr. Lines, Inc.*, 23 AD3d 907, 908 [2005] [citations omitted]; *see DiMaio v Pozefsky*, 35 AD3d 1136, 1136-1137 [2006]). Thus, liability for defects in the right-of-way could be imposed on defendant only if it was shown that defendant created the pothole, that a statute or ordinance charged defendant with maintenance of the right-of-way (*see Fitzgerald v Adirondack Tr. Lines, Inc., supra* at 908; *Oles v City of Albany*, 267 AD2d 571, 571-572 [1999]), or if the right-of-way was designed or altered to serve defendant's needs in such a way that defendant derived a unique benefit unrelated to the public use (*see Kaufman v Silver*, 90 NY2d 204, 207 [1997]; *Harris v FJN Props., LLC*, 18 AD3d 1089, 1089-1090 [2005]; *Oles v City of Albany, supra* at 571-572).

---

* Although not aggrieved by the final judgment, defendant filed a cross appeal arguing that it was entitled to a directed verdict.

Here, plaintiff argued only that the right-of-way provided defendant with a unique benefit in that it was paved and provided access only to defendant's building and parking lot. However, the evidence did not establish that the right-of-way was designed or altered for defendant's benefit nor did it explain how or why the right-of-way came to be paved. Moreover, plaintiff's own testimony established that defendant was not the building's only tenant and, thus, the paved right-of-way did not provide access solely to defendant. Even affording plaintiff every favorable inference, "upon the evidence presented, there [was] no rational process by which the fact trier could base a finding in favor of [plaintiff]" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Forget v Smith*, 39 AD3d 1127, 1128 [2007]; *Calafiore v Kiley*, 303 AD2d 816, 817 [2003]); accordingly, defendant was entitled to a directed verdict at the close of all the proof.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that judgment is affirmed, with costs to defendant.