■ KEVIN A. SEAMAN, Respondent, v THREE VILLAGE GARDEN CLUB, INC., Defendant, and EAGLE REALTY HOLDINGS, INC., et al., Appellants. [889 NYS2d 231]—

In an action to recover damages for personal injuries, the defendants Eagle Realty Holdings, Inc., and Stony Brook Hamlet Management, Inc., appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated November 21, 2008, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them to the extent that the complaint was predicated on the special use doctrine and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff allegedly tripped and fell over a sidewalk defect in front of the appellants' property in the Town of Brookhaven. He commenced this action alleging, inter alia, that the appellants negligently maintained the sidewalk. This allegation was predicated on the grounds that the appellants owned or made special use of the sidewalk.

Generally, liability for a dangerous condition on real property must be predicated on, inter alia, ownership or special use of the premises (*see Breland v Bayridge Air Rights, Inc.,* 65 AD3d 559, 560 [2009]; *Rodgers v City of New York,* 34 AD3d 555, 555-556 [2006]). Here, the appellants failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that they did not own the sidewalk. The survey submitted by the appellants in support of their motion was unaccompanied by an affidavit from the surveyor explaining or interpreting the survey (*see Greenberg v Manlon Realty,* 43 AD2d 968, 969 [1974]; *cf. Margulies v Frank,* 228 AD2d 965, 966 [1996]). Moreover, the survey itself was not in admissible form (*see City of New York v Gowanus Indus. Park, Inc.,* 65 AD3d 1071 [2009]; *cf. Schwartzberg v Eisenson,* 260 AD2d 854 [1999]). Contrary to the appellants' contention, the survey was not admissible under CPLR 4523, as that section concerns the admissibility of a title search. Nor was the survey admissible under CPLR 4522 in the absence of any foundational testimony in the form of an affidavit from the surveyor. Accordingly, the appellants failed to demonstrate, prima facie, that they did not own the sidewalk. Therefore, the Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants to the extent that the complaint was predicated on a theory of lack of ownership, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect*

*Hosp.,* 68 NY2d 320, 324 [1986]; *Simmons v Elmcrest Home-owners' Assn., Inc.,* 11 AD3d 447, 448 [2004]).

However, that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them to the extent that the complaint was predicated on the special use doctrine should have been granted. The appellants satisfied their prima facie burden establishing their entitlement to judgment as a matter of law by demonstrating that they did not derive a special benefit from the sidewalk which was unrelated to the public use (*see Kaufman v Silver,* 90 NY2d 204, 207 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.