In an action to recover damages for trespass, and for an injunction directing the defendants to remove a structure that allegedly encroaches upon the plaintiffs’ real property, the *620 plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated December 2, 2008, as granted the motion of the defendant Congregation Nyiregyhaz Paks Racfert and the separate motion of the defendants Alexander Hirsch B.D.P, Inc., Architectural Designs, P.C., and Alexander Hirsch for summary judgment dismissing the complaint insofar as asserted against each of them, and granted those branches of the separate motion of the defendant AAA Group R.E. Servicing Corp., and the cross motion of the defendants Shoshana Management, LLC, and Sara Spigel which were for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The defendant Congregation Nyiregyhaz Paks Racfert (hereinafter the Congregation) owns property at 1221-1248 48th Street in Brooklyn. The plaintiffs own the adjacent property at 1217 48th Street. In June 2006 the plaintiffs commenced this action, alleging that the Congregation and its officers had constructed a building which encroached on their property, and seeking, inter alia, an injunction directing its removal. The plaintiffs also named, as defendants, the Congregation’s architect Alexander Hirsch, and his two related corporations (hereinafter collectively Hirsch), one of the Congregation’s surveyors, AAA Group R.E. Servicing Corp. (hereinafter AAA), and the Congregation’s construction supervisor, Shoshana Management, LLC, and one of its principals (hereinafter together Shoshana), among others. The complaint additionally alleged that the Congregation, Hirsch, AAA, and Shoshana (hereinafter collectively the respondents) filled the area between the two properties with debris, which was rotting, emitting bad odors, and attracting rats.
The Congregation, Hirsch, and AAA moved, and Shoshana cross-moved, for summary judgment dismissing the complaint insofar as asserted against each of them. In support of its motion, the Congregation submitted the affidavit of Vincent Teutónico, a licensed New York State land surveyor, who averred that he had personally surveyed the two properties and found no encroachment. Shoshana submitted the affidavit of its principal, the defendant Sara Spigel, who alleged that when Shoshana attempted to repair the debris condition on February 21, 2006, pursuant to a court order, the plaintiffs denied it access to the premises.
In opposition to the respondents’ prima facie establishment of *621 their entitlement to judgment as a matter of law, the plaintiffs relied upon the affidavit of Barry Fahrer, a licensed New York State land surveyor, who averred that, although the wall of the building itself did not encroach on the plaintiffs’ property, the foundation of the wall encroached by one inch. However, Fahrer acknowledged that he did not personally survey the subject properties, and instead sent employees to do so. The plaintiff Arthur Raab also submitted his own affidavit, in which he failed to respond to Spigel’s contention that he had denied Shoshana access to the property.
The Supreme Court granted the several motions and cross motion for summary judgment dismissing the complaint insofar as asserted against the respondents. We affirm.
“[I]n order to prove a boundary by a survey, there should be proof of the identity, competency and the authority of the surveyor in the particular case, and of the purpose of the survey” (1 NY Jur 2d, Adjoining Landowners § 143; see Seaman v Three Vil. Garden Club, Inc., 67 AD3d 889, 890 [2009]; Sloninski v Weston, 232 AD2d 913, 914 [1996]). Here, although Fahrer’s affidavit sufficiently demonstrated his own competency and authority, he admittedly did not perform the survey himself, and he failed to establish the competency and authority of the employees who actually conducted the survey. Therefore, Fahrer’s affidavit was insufficient to raise a triable issue of fact in opposition to the respondents’ prima facie showing that the Congregation’s building did not encroach on the plaintiffs’ property (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Moreover, the respondents established, prima facie, that they attempted to remedy the debris condition on the plaintiffs’ property, but that the plaintiff Arthur Raab himself prevented them from doing so. Arthur Raab failed to address this issue in his own affidavit and, thus, failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Therefore, the Supreme Court properly granted the various motions and cross motion for summary judgment dismissing the complaint against the Congregation, Hirsch, AAA, and Shoshana, respectively.
In view of the foregoing, we do not address the parties’ remaining contentions. Dillon, J.P., Miller, Eng and Chambers, JJ., concur.