■ JACQUELYN KEENAN, Respondent, v SCOTT MUNDAY et al., Defendants, and ROBERT BISSONETTE, Appellant. [912 NYS2d 778]—

Peters, J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 18, 2010 in Schenectady County, which denied defendant Robert Bissonette's motion for summary judgment dismissing the complaint against him.

Plaintiff commenced this action to recover for injuries allegedly sustained when she tripped and fell on a public sidewalk abutting property owned by defendant Robert Bissonette (hereinafter defendant) in the Village of Scotia, Schenectady County. Plaintiff fell in the vicinity of a blacktop-paved portion of the sidewalk that sloped downward to the street, forming an apron for a driveway leading to a parking lot owned by defendant and used by defendant's tenants. At a General Municipal Law § 50-h hearing held shortly after the accident, plaintiff explained that she fell when her foot caught on an elevated portion of the concrete sidewalk where it intersected with the driveway apron and identified this portion of the sidewalk on a photograph of the area. During her examination before trial, conducted approximately 16 months later, plaintiff stated that she was unable to recall what caused her to fall. However, she subsequently executed a sworn correction sheet amending that testimony, attesting that, "[a]s I said at my first deposition back in April of 2008, and as I pointed out then in certain photographs, as I was walking on the blacktop portion, my foot caught on the raised corner of the concrete sidewalk." Supreme Court denied defendant's motion for summary judgment dismissing the complaint against him, finding that issues of fact existed as to the cause of plaintiff's fall and defendant's special use of the property. This appeal by defendant ensued.

Defendant contends that plaintiff's submissions in opposition to the motion were insufficient to raise an issue of fact as to the cause of her fall, specifically claiming that plaintiff's correction sheet should not have been considered because she failed to set forth the reason for the change to her deposition testimony, as required by CPLR 3116 (a). CPLR 3116 (a) provides that a party may make changes "in form or substance" to his or her deposition testimony accompanied by "a statement of the reasons" for making them. Even were we to conclude that plaintiff's correction to her deposition testimony did not adequately set forth the

reason for the change, we nonetheless find that Supreme Court did not err in considering the changes. A trial court has the inherent power to permit changes or corrections to a deposition transcript, even though there was a failure to follow the proper procedure (*see Prunty v Keltie's Bum Steer*, 163 AD2d 595, 596 [1990]; *Roberts v Ausable Chasm Co.*, 47 AD2d 979, 980 [1975]; *see also Claus v John Hancock Mut. Life Ins. Co.*, 254 AD2d 102, 103 [1998]). Despite defendant's contention to the contrary, we cannot conclude that plaintiff's correction constituted a feigned attempt to raise a factual issue contrived solely in an effort to resist his motion for summary judgment. Plaintiff's corrections, made a mere five days after the *date* of defendant's notice of motion,* are entirely consistent with her previous General Municipal Law § 50-h testimony and her identification on a photograph during that testimony of the location of the defect which caused her fall (*see Alvarez v New York City Hous. Auth.*, 295 AD2d 225, 226-227 [2002]; *compare Shivers v National Westminster Bank of N.A.*, 211 AD2d 630, 630-631 [1995]; *Prunty v Keltie's Bum Steer*, 163 AD2d at 596). Since it cannot be said on the present record that plaintiff's corrections are patently untrue, this conflict between her original deposition testimony and the corrections raises an issue of credibility which cannot be resolved on a motion for summary judgment (*see Natale v Woodcock*, 35 AD3d 1128, 1129 [2006]; *Boyce v Vazquez*, 249 AD2d 724, 726 [1998]).

Nor do we agree with defendant's assertion that plaintiff failed to raise a question of fact as to his special use of the sidewalk. Generally, "an owner of land abutting [a public sidewalk] does not, solely by reason of being an abutter, owe to the public a duty to keep the [sidewalk] in a safe condition" (*Harris v FJN Props., LLC*, 18 AD3d 1089, 1089 [2005] [internal quotation marks and citations omitted]; *see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *DiMaio v Pozefsky*, 35 AD3d 1136, 1136-1137 [2006]). However, where the neighboring landowner derives a special benefit from that public property which is unrelated to the public use, the landowner is required to maintain the property in a reasonably safe condition so as to avoid injury to others (*see Kaufman v Silver*, 90 NY2d 204, 207 [1997]; *Harris v FJN Props., LLC*, 18 AD3d at 1090; *Melamed v Rosefsky*, 291 AD2d 602, 603 [2002]).

Here, defendant proffered evidence that plaintiff's fall occurred on a public sidewalk, thereby shifting the burden to plaintiff to establish a basis for defendant's liability as an ap-

---

* There is nothing in the record indicating when the notice of motion and accompanying attorney affidavit were served on or received by plaintiff.

purtenant landowner (see *Harris v FJN Props., LLC*, 18 AD3d at 1090; *Schwartzberg v Eisenson*, 260 AD2d 854, 854-855 [1999], *lv denied* 93 NY2d 815 [1999]). In opposition to the motion, plaintiff relied on photographs of the scene and defendant's admissions that the portion of the sidewalk in question had been paved with blacktop prior to his purchase of the property and has since been used as a driveway by his tenants. Contrary to defendant's contention, the fact that he did not construct or maintain the driveway apron is immaterial. The duty to maintain the area of special use runs with the land so long as it is maintained for the exclusive benefit of the land (see *La Porta v Thompson*, 178 AD2d 735, 736 [1991]; *see also Weiskopf v City of New York*, 5 AD3d 202, 203 [2004]; *Nickelsburg v City of New York*, 263 App Div 625, 626-627 [1942]), and here " 'it is circumstantially evident that the [apron] was constructed not for public use, but to enable vehicles on the lower roadway to mount the raised sidewalk in order to enter defendant['s] . . . driveway' " (*Melamed v Rosefsky*, 291 AD2d at 603, quoting *La Porta v Thompson*, 178 AD2d at 736). Thus, plaintiff set forth sufficient evidence to create an issue of fact as to whether the driveway apron was constructed and exclusively used for the benefit of defendant's property (see *Harris v FJN Props., LLC*, 18 AD3d at 1090; *Melamed v Rosefsky*, 291 AD2d at 603; *La Porta v Thompson*, 178 AD2d at 736; *compare Oles v City of Albany*, 267 AD2d 571, 572 [1999]).

Moreover, while defendant contends that there is no evidence that the special use of the sidewalk contributed to the defect, it is undisputed that defendant's tenants regularly drove up onto the driveway apron to gain access to the property, and the numerous pictures submitted by plaintiff depict the apron's highly uneven and dilapidated condition. Viewing this evidence in a light most favorable to plaintiff and affording her the benefit of every favorable inference (see *Silverberg v Palmerino*, 61 AD3d 1032, 1034 [2009]), we find that an issue of fact exists as to whether the vehicular use by defendant's tenants of the sidewalk as part of a driveway contributed to the defective condition alleged to have caused plaintiff's fall (see *Rosario v City of New York*, 289 AD2d 133, 134 [2001]; *see also Adorno v Carty*, 23 AD3d 590, 591 [2005]). For these reasons, Supreme Court properly denied defendant's motion for summary judgment.

Defendant's remaining contentions have been reviewed and found to be either lacking in merit or rendered academic by our determination.

Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.