■ MELINDA HOLLAND-SMITH et al., Appellants, v DENNIS L. EDWARDS et al., Doing Business as JUMBO'S DINETTE, Respondents, et al., Defendants. [953 NYS2d 710]—

Lahtinen, J. Appeal from an order of the Supreme Court (Demarest, J.), entered December 30, 2011 in St. Lawrence County, which granted a motion by defendants Dennis L. Edwards and Tammy Groves for summary judgment dismissing the complaint against them.

Plaintiff Melinda Holland-Smith (hereinafter plaintiff) and her husband, derivatively, commenced this action seeking damages for injuries allegedly sustained by plaintiff when she stepped in a pothole in an alley located between Clinton Street and a municipal parking lot in the Village of Gouverneur, St. Lawrence County. The alley was used primarily for deliveries to the back of businesses, and vehicle traffic was not permitted to pass through the alley. Plaintiff asserted that the paved portion where she fell was owned and maintained by defendant Village of Gouverneur.

Two dumpsters used by a restaurant that was operated by defendants Dennis L. Edwards and Tammy Groves (hereinafter collectively referred to as defendants) were located in the alley. The dumpsters had been placed on a cement apron next to the restaurant in an area of the alley allegedly owned by defendants. Plaintiffs contend that the cement apron constituted a public sidewalk and that defendants obstructed the sidewalk by negligently placing dumpsters thereon, causing plaintiff to step out into the alley where she tripped and fell. Following discovery,

Supreme Court granted defendants' motion for summary judgment dismissing the complaint against them. Plaintiffs appeal.

We affirm. Plaintiff fell on allegedly defective pavement in a portion of the alley owned by the Village and, absent certain exceptions not applicable here, an abutting owner generally is not liable for the condition of adjacent public property (*see Oles v City of Albany*, 267 AD2d 571, 571-572 [1999]; *see also Moons v Wade Lupe Constr. Co., Inc.*, 43 AD3d 501, 502 [2007]; *Fitzgerald v Adirondack Tr. Lines, Inc.*, 23 AD3d 907, 908 [2005]). We further agree with Supreme Court that, upon this record, the cement apron was not a separate public sidewalk intended for use of pedestrians to pass through the alley (*see* Vehicle and Traffic Law § 144) and, thus, cases cited by plaintiffs involving injuries sustained when detouring around a blocked sidewalk do not apply. The remaining arguments are unavailing.

Mercure, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.