Stiefel v Babakhanova (2024 NY Slip Op 51190(U))

[*1]

Stiefel v Babakhanova

2024 NY Slip Op 51190(U)

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : GRETCHEN WALSH, J.P., JAMES P. McCORMACK, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-1062 N C

Devora Stiefel, Appellant,
against
Emma Babakhanova and Angela Babakhanova, Respondents. 

Devora Stiefel, appellant pro se.
Emma Babakhanova and Angela Babakhanova, respondents pro se.

Appeal from a judgment of the District Court of Nassau County, First District (Joseph Nocella, Jr., J.), entered September 14, 2023. The judgment, insofar as appealed from, after a nonjury trial, dismissed plaintiff's cause of action.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $5,000, alleging that defendants, her neighbors, had removed trees from her property without her permission. Defendants interposed a counterclaim for $5,000 in property damage due to plaintiff's alleged removal of 13 feet of defendants' trees and planting of new trees on defendants' property. Following a nonjury trial, at which both parties submitted conflicting surveys, the District Court dismissed both plaintiff's cause of action and defendants' counterclaim. Plaintiff appeals from so much of the judgment as dismissed her cause of action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Upon a review of the record, we find that the judgment, insofar as appealed from, rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807). Plaintiff failed to demonstrate by a preponderance of the evidence that the trees that were removed were located on her property, since the surveys submitted by plaintiff conflicted with the survey presented by defendants (see Chamois v Gargiulo, 39 Misc 3d 133[A], 2013 NY Slip Op 50522[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]) and, absent expert testimony, it cannot be determined which of the surveys was accurate (see Marone v Kally, 109 AD3d 880, 881 [2013]; Thomson v Nayyar, 90 AD3d 1024, 1026 [2011]; Raab v Lefkowitz, 76 AD3d 619, 621 [2010]; Seaman v Three Vil. Garden Club, Inc., 67 AD3d 889, 890 [2009]). Consequently, plaintiff's cause of action was properly dismissed.
Accordingly, the judgment, insofar as appealed from, is affirmed. 
WALSH, J.P., McCORMACK and GOLDBERG-VELAZQUEZ, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024