Votra v Village of Cambridge (2025 NY Slip Op 01031)

Votra v Village of Cambridge

2025 NY Slip Op 01031

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

CV-24-0830
[*1]Gail Votra, Appellant,
v
Village of Cambridge et al., Respondents.

Calendar Date:January 6, 2025

Before:Garry, P.J., Pritzker, Ceresia, Powers and Mackey, JJ.

Altman Nussbaum Shunnarah, Boston, Massachusetts (Michael V. Longo of counsel), for appellant.
Gerber Ciano Kelly Brady LLP, Buffalo (David P. Johnson of counsel), for Village of Cambridge, respondent.
Smith Dominelli & Guetti, Albany (Christoper A. Guetti of counsel), for Michelle Vecchione and another, respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Kathleen Hogan, J.), entered October 30, 2023 in Washington County, which granted defendants' motions for summary judgment dismissing the complaint.
In February 2021, plaintiff was walking on a sidewalk in the Village of Cambridge, Washington County. Approximately one inch of snow had fallen that day and it was still snowing when plaintiff slipped on ice and then caught her foot in a crevice in the sidewalk, causing her to fall and injure her ankle. Plaintiff thereafter commenced this action against defendant Village of Cambridge (hereinafter the Village) and defendants Kevin Dupuis and Michelle Vecchione (hereinafter collectively referred to as the landowners) for negligent maintenance and repair of the portion of the sidewalk where plaintiff fell. Following joinder of issue, the Village moved for summary judgment and the landowners cross-moved for the same relief. Plaintiff opposed both motions. Finding that the storm in progress doctrine precluded any liability, Supreme Court granted the motions and dismissed the complaint. Plaintiff appeals.
Although it is undisputed that a storm was in progress at the time of plaintiff's fall, "[t]here may be more than one proximate cause of an accident" (Mejias v City of New York, 183 AD3d 886, 887 [2d Dept 2020]; see Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1187 [3d Dept 2018]). Thus, recognizing that plaintiff alleged that her accident was caused not only by the accumulation of ice but also as a result of the crevice in the sidewalk, Supreme Court erred in failing to rule upon the remaining arguments concerning the purportedly defective condition of the sidewalk — i.e., the crevice (see Vosper v Fives 160th, LLC, 110 AD3d 544, 545 [1st Dept 2013]). As the record before us is sufficient to assess those arguments, we conclude that judicial economy weighs in favor of resolving them here rather than remitting for Supreme Court to do so (see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 187 AD3d 1437, 1440 [3d Dept 2020]; Alper Rest., Inc. v Catamount Dev. Corp., 137 AD3d 1559, 1561 [3d Dept 2016]).
Turning first to the Village's motion, it asserted that it is shielded from liability by the prior written notice rule, pursuant to which "a plaintiff may not bring a civil action against a municipality for damages as the result of an injury sustained by reason of a defective street, highway, bridge, culvert, sidewalk or crosswalk unless prior written notice of the allegedly defective condition has been given" (Pfirman v Village of New Paltz, 228 AD3d 1098, 1098 [3d Dept 2024] [internal quotation marks and citations omitted]). In support of its motion, the Village, which had enacted a prior written notice statute, submitted evidence that it had never received written notice of the allegedly defective crevice in the sidewalk, thereby shifting the burden to plaintiff "to submit proof demonstrating a question of fact as to prior written [*2]notice or that an exception to the notice requirement applies" (id. at 1099; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]; Pellett v Town of Milton, 228 AD3d 1157, 1158 [3d Dept 2024]; Cornish v City of Ithaca, 149 AD3d 1321, 1323 [3d Dept 2017]).
Plaintiff, in turn, failed to raise an issue of fact as to whether the Village had received the requisite written notice. Although plaintiff contends on appeal that the Village had constructive notice of the defective condition, this argument is both unpreserved and without merit, as "constructive or other actual notice is insufficient where the municipality did not receive prior written notice" (Palo v Town of Fallsburg, 101 AD3d 1400, 1401 [3d Dept 2012] [internal quotation marks, brackets and citation omitted], lv denied 20 NY3d 862 [2013]; see Chance v County of Ulster, 144 AD3d 1257, 1258 [3d Dept 2016]).
Plaintiff also did not meet her burden of raising a factual question concerning the applicability of an exception to the notice requirement — namely, that the Village affirmatively created the defect through an act of negligence. This exception "applies only where the action of the municipality immediately results in the existence of a dangerous condition" (Harvish v City of Saratoga Springs, 172 AD3d 1503, 1504 [3d Dept 2019] [internal quotation marks and citations omitted]; see Oboler v City of New York, 8 NY3d 888, 889 [2007]; Vnuk v City of Albany, 191 AD3d 1056, 1057 [3d Dept 2021], lv denied 37 NY3d 909 [2021]), and here, plaintiff merely speculates, without providing any proof, that the Village's snow removal and application of salt and sand immediately caused the crevice to form. Indeed, the series of photographs submitted by plaintiff essentially shows that the crevice evolved over time, which excludes it from the affirmative negligence exception (see Oboler v City of New York, 8 NY3d at 889-890; Hubbard v County of Madison, 93 AD3d 939, 942-943 [3d Dept 2012], lv denied 19 NY3d 805 [2012]). In light of the foregoing, the Village is entitled to summary judgment.
As for the landowners' motion, they argued that they are not liable for plaintiff's injuries because they had no duty to maintain the portion of the sidewalk where she fell. It is true that an abutting landowner generally does not owe a duty to the public to maintain the adjacent sidewalk in a safe condition (see Giannelis v BorgWarner Morse TEC Inc., 167 AD3d at 1185-1186; Oles v City of Albany, 267 AD2d 571, 571 [3d Dept 1999]). "This rule, however, is not absolute, and, as relevant here, liability may be imposed upon an abutting landowner where the landowner derives a special benefit from that public property unrelated to the public use" (Podhurst v Village of Monticello, 202 AD3d 1185, 1187 [3d Dept 2022] [internal quotation marks and citations omitted]; see Giannelis v BorgWarner Morse TEC Inc., 167 AD3d at 1186). Such a special benefit "will be found where there is a modification to the public sidewalk, such [*3]as the installation of a driveway, or a variance of the sidewalk to allow for ingress and egress, that was constructed in a special manner for the benefit of the abutting landowner" (Podhurst v Village of Monticello, 202 AD3d at 1187 [internal quotation marks, brackets and citations omitted]; see Marshall v City of Albany, 184 AD3d 1043, 1044-1045 [3d Dept 2020]).
The landowners offered evidence that plaintiff's fall occurred on the public sidewalk. As such, the burden of proof shifted to plaintiff to show a basis of liability for the landowners as abutters (see Keenan v Munday, 79 AD3d 1415, 1417-1418 [3d Dept 2010]). Plaintiff sufficiently raised factual questions in this regard. Plaintiff testified in her deposition that she fell "on the edge of the [landowners'] driveway . . . going up from that little slope in the sidewalk." Upon being shown a photograph, she circled a damaged section of the concrete sidewalk that is arguably in an area where the sidewalk is sloped to form a driveway apron. Plaintiff also cited to deposition testimony by other witnesses that the landowners' tenants regularly used the driveway and that the landowners arranged for snowplowing of the driveway as needed, including in the area where plaintiff fell. Although the landowners maintain that plaintiff's fall occurred in a location outside the boundary of their driveway apron, it is clear that there are triable issues of fact as to both the precise location of plaintiff's fall as well as whether the landowners made special use of that location (see id. at 1418; Harris v FJN Props., LLC, 18 AD3d 1089, 1090 [3d Dept 2005]; Melamed v Rosefsky, 291 AD2d 602, 603 [3d Dept 2002]).
Finally, we reject the landowners' claim that they are absolved from liability because their neighbors have an easement over the landowners' driveway, and responsibility for driveway maintenance therefore lies with the neighbors as the easement holders (see generally Tagle v Jakob, 275 AD2d 573, 574 [3d Dept 2000], affd 97 NY2d 165 [2001]). "Because the [neighbors] neither owned property abutting the relevant portion of the sidewalk nor did [plaintiff] fall on the easement, no liability may be imposed on them" (Shamilova v Berkowitz, 192 AD3d 491, 492 [1st Dept 2021] [citation omitted]). Given the above, the landowners' motion for summary judgment must be denied.
Garry, P.J., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendants Kevin Dupuis and Michelle Vecchione for summary judgment; motion denied; and, as so modified, affirmed.